IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| JAMES B. COX,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>SHERIFF JAY BELL,<br><br>　　　　Defendant. | CV-10-65-BLG-RFC-CSO<br><br>**FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Plaintiff James B. Cox ("Cox"), appearing *pro se*, initiated this action against Defendant Sheriff Jay Bell ("Bell"), the sheriff of Yellowstone County, Montana, for allegedly violating Cox's right to due process under the 5th and 14th Amendments to the United States Constitution.  *Cmplt. (Court Doc. 1) at ¶¶ III.B. and IV.A.*  Cox alleges that Bell, "personally or through his subordinates[,]" sold Cox's mobile home by a procedure that did not allow Cox "to be heard nor to present evidence nor to call witnesses ... to prevent the sale of [his] property."  *Id. at ¶ IV.A.1. and Appendix B.*

Now pending is Bell's Motion to Dismiss under Rule 12(b)(6)[1] for Cox's failure to state a claim upon which relief can be granted. *Court Doc. 5*. Having reviewed the record, together with the parties' arguments in support of their positions, the Court issues the following Findings and Recommendation.

I.   **BACKGROUND**

Cox alleges in his Complaint as follows:

On March 12, 2007, Cox bought a mobile home that was sitting at 302 Jackson Street in Billings, Montana. *Court Doc. 1 at 5, ¶ 1*. On November 6, 2007, Rosina Rubio ("Rubio") executed an affidavit of agister's lien that falsely claimed three things: (1) Cox's mobile home had been stored on Rubio's property since August 16, 2005, which was 19 months before Cox owned the mobile home, *id. at Appendix B and Ex. 2* (Affidavit of Agister's Lien); (2) on November 6, 2007, Jennifer Wahl ("Wahl"), of 302 Jackson Street, jointly owned the mobile home with Cox, which was untrue because Wahl sold the mobile home to Cox, *id. at Appendix B*; and (3) Rubio was owed $1,660 as of November 6, 2007,

---

[1] References to rules herein are to the Federal Rules of Civil Procedure unless otherwise indicated.

2

under a rental agreement for storing the mobile home, which was untrue because "[t]here was no such rental agreement[,]" *id. at Appendix B.*

Cox alleges that he was selling the mobile home to Danyel Gaede ("Gaede") under a contract for deed when Rubio executed her agister's lien affidavit. *Id. at Appendix B and Exhibit 5.* The dispute over storage of the mobile home ultimately led to its sale by the Sheriff. Cox alleges that the Sheriff advertised the sale of the mobile home to be conducted on January 23, 2008, at 7716 Alderson, in Billings, Montana. *Id. at Appendix B and Ex. 6.* Cox maintains that the sale was actually conducted at 1532 Grand Avenue in Billings and that the mobile home was sold to Rubio, "the swearer of the false affidavit[,]" for $500. *Id. at Appendix B.* Cox alleges that the Sheriff received $300 for conducting the sale and that "the Sheriff receives no fees for aborted sales." *Id. at Appendix B and Ex. 8.*

Cox alleges that Wahl died on April 4, 2008, and that "Rubio waited until she was dead before taking title to the mobile home on May 23, 2008[.]" *Id. at Appendix B and Exs. 9 and 10.* Cox alleges that he did not learn that Rubio was the owner of the mobile home until mid-

3

November 2009 when he inquired with the Yellowstone County Assessor because he had not received a tax bill for the mobile home for 2008. Until that time, Cox alleges, he "did not know whether the sale had actually been conducted or the outcome." *Id. at Appendix B*. Finally, Cox alleges that Sheriff Bell provided him with documents concerning the sale of the mobile home on April 12, 2010, and that this was past the 2-year statute of limitations for initiating litigation concerning property. *Id. at Appendix B*.

Cox initiated this action on June 4, 2010. *Court Doc. 1 at 1*. He alleges that Bell "committed acts and neglects personally or through his subordinates to sell my mobile home under color of law to the swearer of a false affidavit by a process that did not allow me to be heard by an impartial tribunal, nor to present evidence, nor to call witnesses." *Id. at 5, ¶ 2*. Cox further alleges that "Sheriff Bell was personally informed by a subordinate about sending a false affidavit back instead of acting on my complaint that it was false. Sheriff Bell also withheld from me information on the disposition of my mobile home at the Sheriff's sale until after the time limit of the Montana statute of limitation had

4

expired." *Id. at ¶ 2 and unlabeled continuation page attached to Complaint.*[2]

Cox claims that Sheriff Bell has injured him by taking his mobile home and that he continues to be injured because Bell is preventing him from fulfilling his contract for deed to sell the mobile home to Gaede. Cox also claims that he is "at risk of further taking of [his] property on the basis of false affidavits without due process of law." *Id. at ¶ V.*

For his relief, Cox seeks the following:

> First and most important, that Sheriff Bell and his successors be stopped from selling property by a procedure that does not allow owners to be heard by a disinterested tribunal, and to present evidence, and to bring witnesses.
>
> Second, that Sheriff Bell be enjoined from retaliating against me for complaining and telling the truth in court. ...
>
> Third, that the Defendant convey to me the fee taken for conveying my mobile home to Ms. Rubio, the swearer of the false affidavit concerning it. ...
>
> Fourth, that the Defendant reimburse me my actual cost of bringing and pursuing this cause, including the filing fee, cost of process service, and other expenses incurred up to the time of final judgment in this cause.

---

[2] It appears that Cox intended to label this continuation page "Appendix C" because it falls between Appendix B and Appendix D to his Complaint.

>       And fifth, any further relief that this court deems just
> and proper.

*Id.* at ¶ VI. and Appendix D.

On June 25, 2010, Bell moved to dismiss Cox's Complaint. *Court Doc. 5*.

## II.   PARTIES' ARGUMENTS

The parties have included in their briefs some discussion of the law regarding claims for deprivation of due process. At this juncture in the proceedings, issues with respect to that law are not before the Court because the parties have not raised them in a manner that seeks their adjudication. Thus, the Court focuses here only on the narrow challenge Bell directs at Cox's Complaint – that it fails to state a claim upon which relief can be granted on the basis that Cox has failed to allege personal involvement by Bell in the sale of Cox's mobile home.

In asserting that Cox has failed to state a claim against him, Bell generally maintains that, even "[i]f all the factual allegations in the complaint are treated as true, the complaint fails to allege that Bell violated Cox's right to procedural due process with the sale of the manufactured home." *Court Doc. 5 at 1*.

6

Bell argues more specifically that Cox has failed to allege that "Bell had any personal involvement in the sale" and that "[t]o be responsible for any constitutional violation with the sale of the manufactured home, Bell would have had to in some way personally participate in the sale." *Id. at 1-2.* Bell argues that because there is no respondeat superior liability under 42 U.S.C. § 1983, he "cannot be liable for any actions of his subordinates." *Bell's Br. (Court Doc. 6) at 6.* Bell also argues that

> he was not even the Sheriff at the time the incident took place; the now deceased Chuck Maxwell was. Bell was not involved in the Sheriff's sale of the manufactured home, and without a personal action by Bell, the § 1983 claim brought against him cannot stand.

*Id.*

In response,[3] Cox argues that, although he has named Sheriff Jay Bell as the sole defendant, he did so only because Bell is the current

---

[3] Cox filed in support of his response five unauthenticated exhibits. The Court cannot rely on unauthenticated evidence in considering the motion at hand. *See, e.g., Orr v. Bank of America, NT & SA, 285 F.3d 764, 773-74 (9th Cir. 2002)* ("In a summary judgment motion, documents authenticated through personal knowledge must be attached to an affidavit that meets the requirements of [Fed.R.Civ.P.] 56(e)[.]") (internal quotations omitted).

holder of the office of Yellowstone County Sheriff. *Cox's Resp. (Court Doc. 7) at 6-7*. He notes that Bell, in his motion to dismiss, has tried to make "it appear that I am complaining about the acts and neglects of one person as a private individual, and asking for relief from only that one individual alone. I am not. The plain reading of my complaint and relief requested shows that such an interpretation is erroneous." *Id. at 6*.

Cox also argues:

> It is also clear in my request for relief that I am asking for relief from Sheriff Bell as the current holder of the office of Yellowstone County Sheriff, as it was the Sheriff that collected the fee for conveying my property to the maker of the false affidavit and the current Sheriff who I suppose remains in possession of that fee ....

*Id. at 7*.

In reply, Bell repeats his argument that Cox fails to state a claim against him because Cox "fails to allege that Bell participated in or caused the sale of Cox's manufactured home." Bell's Reply (Court Doc. 8) at 2. Because of the lack of Bell's personal participation in the sale of the mobile home, Bell argues, Cox's Complaint should be dismissed.

### III. <u>LEGAL STANDARD FOR A RULE 12(b)(6) MOTION</u>

The Court evaluates Rule 12(b)(6) motions to dismiss in light of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." While "detailed factual allegations" are not required, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, ___ U.S. ___, *129 S. Ct. 1937, 1949 (2009)* (internal quotation marks and citations omitted). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do ... ." *Bell Atlantic Corp. v. Twombly*, *550 U.S. 544, 555 (2007)* (internal quotation marks and citation omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, *129 S.Ct. at 1949* (citing *Twombly*, *550 U.S. at 557*).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, *129 S.Ct. at 1949* (citing *Twombly*, *550 U.S. at 570*). A claim is plausible on its face when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable

9

for the misconduct alleged." *Id.* (citing *Twombly*, *550 U.S. at 556*).  The claim need not be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  Facts that are "merely consistent with" a defendant's liability fall short of this standard. *Id.*  Furthermore, the Court is not obligated to accept as true "legal conclusions" contained in the complaint. *Id.*  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id. at 1950*.

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, *551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)*; *Cf. Fed. R. Civ. P. 8(f)* ("All pleadings shall be so construed as to do substantial justice").

## IV.  <u>DISCUSSION</u>

Cox does not clearly indicate in his Complaint whether he is suing Bell in his individual capacity, official capacity, or both.  Where the

capacity of the defendant being sued is ambiguous, the Court must look to the course of the proceedings to make this determination. *1 MARTIN A. SCHWARTZ, SECTION 1983 LITIGATION: CLAIMS AND DEFENSES § 6.05[B] (4th ed. 2004).*

In this case, the Court need not look far. Cox confirms in his response brief that he is suing Bell only in Bell's official capacity. *Court Doc. 7 at 6-7* (Cox states that he is not complaining about nor seeking relief from one person as a private individual, but rather is seeking relief from "the current holder of the office of Yellowstone County Sheriff"); *id. at 7* (Cox confirms that, in seeking the fee that the Sheriff collected in selling his mobile home, he does not assert that Bell "is personally liable [for] paying it to [Cox] out of his own pocket.").

The crux of Bell's argument in seeking dismissal is that Cox did not allege in his Complaint that Bell directly participated in the sale of the mobile home. In light of Cox's concession that he is not claiming personal or individual liability on Bell's part, but rather is seeking relief from Bell in his official capacity as the Sheriff of Yellowstone County, Bell's argument fails and dismissal on the basis asserted is not

11

appropriate. *See Hafer v. Melo, 502 U.S. 21, 25 (1991)* (affirming that in official capacity suits, a claim against an official is essentially a claim against a governmental entity and noting that as such, "the entity's policy or custom must have played a part in the violation of federal law") (citations and internal quotation marks omitted).[4]

## V.  CONCLUSION

Based on the foregoing, IT IS RECOMMENDED that Bell's Motion to Dismiss (Court Doc. 5) be DENIED.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendation must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

DATED this 24th day of August, 2010.

---

[4] It does not appear on the face of Cox's Complaint that he has alleged "policy or custom" playing a part in the deprivation of his constitutional rights, but this is not an argument that Bell has yet raised.  The Court, therefore, does not address it here.

>                             **/S/ Carolyn S. Ostby**
>                             United States Magistrate Judge