IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| JAMES B. COX,<br><br>                    Plaintiff,<br><br>          vs.<br><br>SHERIFF JAY BELL,<br><br>                    Defendant. | CV-10-65-BLG-RFC-CSO<br><br>**FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE ON MOTION TO SUBSTITUTE DEFENDANT** |

Plaintiff James B. Cox ("Cox"), appearing *pro se*, initiated this action against Defendant Sheriff Jay Bell ("Bell"), the sheriff of Yellowstone County, Montana, for allegedly violating Cox's right to due process under the 5th and 14th Amendments to the United States Constitution. *Cmplt. (Court Doc. 1) at ¶¶ III.B. and IV.A.* Cox alleges that Bell, "personally or through his subordinates[,]" sold Cox's mobile home by a procedure that did not allow Cox "to be heard nor to present evidence nor to call witnesses ... to prevent the sale of [his] property." *Id. at ¶ IV.A.1. and Appendix B.*

Now pending is Bell's Motion to Substitute Defendant. *Court Doc. 13*. He seeks to substitute Yellowstone County as the defendant in this action. Having reviewed the record, together with the parties' arguments in support of their positions, the Court recommends that the motion be granted for the reasons discussed below.

I.  **BACKGROUND**

The Court set forth this matter's background in the Findings and Recommendation ("F&R") filed on August 24, 2010. *Court Doc. 11*. Thus, the Court will not repeat them here except as necessary.

In the F&R, the Court recommended that Bell's motion to dismiss be denied. *Id. at 12*. In doing so, the Court concluded, based on Cox's concession, that Cox is not suing Bell in Bell's personal or individual capacity. Rather, Cox is suing Bell in his official capacity as the Sheriff of Yellowstone County. *Id. at 11*. This conclusion prompted Bell to file the instant motion. *Bell's Mtn. (Court Doc. 13) at 1; Bell's Br. in Support (Court Doc. 14) at 2*.

II.  **PARTIES' ARGUMENTS**

Bell argues that official-capacity suits, such as this one, are

2

simply a way of pleading an action against an entity of which an officer is an agent. *Court Doc. 14 at 2.* In such cases, the entity is the real party in interest and should be substituted for the individual, named defendant. *Id. at 2-4.*

In opposition, Cox argues that Bell, as the Sheriff of Yellowstone County, is the only one with authority to sell property under an agister's lien and that Yellowstone County has no authority to do so. *Cox's Resp. Br. (Court Doc. 15) at 1-2.* He argues that only Bell, and not Yellowstone County, is able to afford him the relief he seeks because only Bell takes and sells property, not Yellowstone County. *Id. at 4-5.* He also argues that Bell is not an agent of Yellowstone County for purposes of taking property. *Id. at 5.*

In reply, Bell argues that where "an individual is sued in his official capacity ... and the governmental entity is not being sued, the governmental entity is the real defendant and ... should be substituted for the individual." *Bell's Reply Br. (Court Doc. 16) at 2.* Bell also argues that, under Montana law, Cox is mistaken in his position that Bell is an entity separate from Yellowstone County. *Id. at 2.*

3

## III.  DISCUSSION

Official-capacity lawsuits, such as this one, "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n.55 (1978).  "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (citation omitted).

This type of action is not against the public employee personally, "for the real party in interest is the entity." *Id.*  "Section 1983 claims against government officials in their official capacities are really suits against the governmental employer because the employer must pay any damages awarded." *Butler v. Elle*, 281 F.3d 1014, 1023 (9th Cir. 2002).  After *Monell*, "it is no longer necessary or proper to name as a defendant a particular local government officer acting in [an] official capacity." *Morris v. State Bar of California*, 2010 WL 966423, *3 (E.D. Cal. Mar. 11, 2010) (quoting *Luke v. Abbott*, 954 F.Supp. 202, 204 (C.D.

4

Cal. 1997)). "If only the official-capacity officer is named, it would be proper for the Court upon request to dismiss the officer and substitute instead the local government entity as the correct defendant." *Morris*, 2010 WL 966423, *3 (quoting *Luke*, 954 F.Supp. at 204); *contra Hart v. Baca*, 2002 WL 368529, *2 (C.D. Cal. Feb. 26, 2002) (declining to follow *Luke* in the absence of Ninth Circuit authority supporting *Luke*).

In the case at hand, as noted above, the Court concluded in its previously-issued F&R that Cox, based on his own concession, is not suing Bell in Bell's personal or individual capacity. Rather, Cox is suing Bell in his official capacity as the Sheriff of Yellowstone County. *Court Doc. 11 at 11*. As such, this is an official-capacity suit and Yellowstone County is the real party in interest. *Kentucky v. Graham*, 473 U.S. at 166. It is, therefore, proper for the Court to dismiss Bell as a defendant in this action and substitute, in his place, Yellowstone County. *Morris*, 2010 WL 966423, *3; *Luke*, 954 F.Supp. at 204. Thus, the Court recommends that Bell's motion be granted.

In reaching this conclusion, the Court notes that it is not persuaded by Cox's argument with respect to the difference between

5

the Sheriff and Yellowstone County. Montana law provides that a county sheriff is a county officer. § 7-4-2203(1)(d), MCA. As such, as conceded by Bell's counsel, "[a]n injunction against the County to perform a particular act would include the Sheriff." *Court Doc. 16 at 2.* The Court notes that Bell's counsel are Deputy Yellowstone County Attorneys.

## IV. CONCLUSION

Based on the foregoing, IT IS RECOMMENDED that Bell's Motion to Substitute Defendant (Court Doc. 13) be GRANTED. The Court should substitute Yellowstone County for Bell as Defendant in this action and dismiss Bell as a defendant from this action.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendation must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

DATED this 16th day of September, 2010.

>**/S/ Carolyn S. Ostby**
>United States Magistrate Judge